**Jimmy C. CHISUM, Plaintiff,**

v.

**John O. COLVIN, Judge of the United
States Tax Court, Defendant.**

No. CIV.A 02–0318.

United States District Court,
District of Columbia.

March 21, 2003.

**2**

Jimmy C. Chisum, Phoenix, AZ, Pro se.

Joseph A. Sergi, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

BATES, District Judge.

Plaintiff Jimmy C. Chisum ("plaintiff") brings this action for damages against John O. Colvin ("defendant"), a Judge of the United States Tax Court, alleging violations of the Constitution and the Federal Racketeering and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* Defendant moves to dismiss the action on the grounds that he has absolute immunity

from suit and that plaintiff's amended complaint fails to state a cause of action. For the reasons stated below, defendant's motion is GRANTED.[1]

## BACKGROUND

Plaintiff, a business and estate planner, alleges that in July 1997, the Commissioner of the Internal Revenue Service determined a deficiency against Frank W. George ("George"). First Am. Compl. ¶¶ 3, 5. The Commissioner concluded that George had a business relationship with Arivada Health Enterprises Trust ("Arivada"), that Arivada was a sham, and that income received by Arivada was attributable to George. *Id.* ¶ 5–6. George then filed a timely petition with the United States Tax Court challenging the Commissioner's determination. *Id.* ¶ 9. The petition was heard by defendant, who entered a decision in the Commissioner's favor. *Id.* ¶ 15; *see also George v. Commissioner of Internal Revenue,* 78 T.C.M. (CCH) 816, 1999 WL 1060708 (U.S.Tax.Ct. Nov. 23, 1999) (attached as Ex. A to Def.'s Mot. Dismiss Action).

Plaintiff alleges that defendant lacked jurisdiction to adjudicate George's petition. *Id.* ¶¶ 9–15. As a result, plaintiff purportedly "has been forced to expend substantial time and effort to protect the interests and assets of the Trust that would not have been necessary but for the Defendant's failure to dismiss Mr. George's case." *Id.* ¶ 16.

Plaintiff also alleges that defendant "and other unnamed and unknown confederates and conspirators have used the Deficiency process, not for determining whether the correct amount of tax is paid by the party owing the tax, but for the expressed pur-

1. Plaintiff has filed a similar action against another judge of the Tax Court, which has been dismissed on this date. *See Chisum v.*

*Vasquez,* C.A. No. 02–0799, 2003 WL 1950234 (D.D.C.2003)

pose of 'putting the Plaintiff out of business.'" *Id.* ¶ 18. According to plaintiff, the overt acts in furtherance of the conspiracy included the issuance of Notices of Deficiency declaring invalid the trusts used by plaintiff in his estate and business plans, the issuance of Final Partnership Administrative Adjustments to various Limited Liability Companies used by plaintiff disallowing deductions and credits claimed by those entities, and the agreement among judges on the Tax Court to dismiss any petitions filed by plaintiff. *Id.* ¶¶ 19, 22.

## ANALYSIS

### I. Absolute Immunity

■ It is well-established that judges enjoy immunity from liability for damages for acts committed within their judicial jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Pierson v. Ray,* 386 U.S. 547, 553–554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This immunity is not overcome by allegations of bad faith or malice. *See Mireles,* 502 U.S. at 12, 112 S.Ct. 286. Rather, the immunity is overcome in only two sets of circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12, 112 S.Ct. 286 (internal citations omitted).

The allegations set forth by plaintiff do not fall within either of these categories. Plaintiff's amended complaint centers around the fact that defendant affirmed the Commissioner's determination of a deficiency and entered judgment against George. This was undoubtedly a "judicial" act, and therefore not within the first exception to immunity. *See id.* at 12, 112 S.Ct. 286 (" '[W]hether an act by a judge is

a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'") (quoting *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)).

■ With respect to the second exception, plaintiff asserts that the "property rights and any contractual rights between the Plaintiff, the Trust, and Mr. George were private rights beyond the jurisdiction and authority of the Defendant and the Commission to determine." First Am. Compl. ¶ 10. In assessing this allegation, the Court must be mindful that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump,* 435 U.S. at 356–57, 98 S.Ct. 1099 (internal quotation marks and citation omitted).

■ Here, George himself petitioned the Tax Court for relief from the Commissioner's determination. The Tax Court generally has jurisdiction to review such a petition. *See* 26 U.S.C. § 6213, 6214. Plaintiff has cited no authority for the highly dubious proposition that the Tax Court lacks subject matter jurisdiction to review a petition from a deficiency determination of the Commissioner just because the Commissioner's determination implicates a trust in which a third party (here, plaintiff) has some interest. Moreover, to the extent that plaintiff's argument is that the Tax Court lacked personal jurisdiction to adjudicate George's claim because plaintiff was not a party to the Tax Court

proceeding, plaintiff still cannot surmount the immunity barrier. Even if plaintiff were correct that defendant should not have proceeded without plaintiff as a full participant, "a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir.1986); *accord John v. Barron,* 897 F.2d 1387, 1392 (7th Cir.1990); *Green v. Maraio,* 722 F.2d 1013, 1017–18 (2d Cir. 1983); *see also Crabtree v. Muchmore,* 904 F.2d 1475, 1477 (10th Cir.1990). Subject matter jurisdiction is sufficient. *See Ashelman,* 793 F.2d at 1076; *John,* 897 F.2d at 1392.

In sum, there is no ground upon which this Court can conclude that defendant acted in the "clear absence of all jurisdiction." *See Stump,* 435 U.S. at 357, 98 S.Ct. 1099.[2] Accordingly, defendant is immune from suit on plaintiff's claims to the extent that those claims are based upon defendant's decision upholding the Commissioner's deficiency determination.

## II.  RICO Claim

■ Although the heart of plaintiff's amended complaint is the allegation that defendant improperly upheld the Commissioner's deficiency determination, plaintiff also alleges certain actions by defendant that arguably are not judicial and thus may be outside the scope of immunity. *See Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286. In particular, plaintiff alleges that

defendant violated RICO by conspiring with other unnamed and unknown persons, including other Tax Court judges, agents and officers of the IRS, the Department of Justice, and the District Counsel's Offices, to drive him out of business. First Am. Compl. ¶¶ 17–18, 25–26.[3] According to plaintiff, the conspirators issued Notices of Deficiency that declared invalid the trusts used by plaintiff in his estate planning business and issued Final Partnership Administrative Adjustments to various Limited Liability Companies used by plaintiff disallowing deductions and credits claimed by those entities. *Id.* ¶¶ 19, 22, 26. In addition, plaintiff contends, the conspirators agreed that the judges on the Tax Court would dismiss any petitions filed by plaintiff on behalf of the trusts or LLC's. *Id.* ¶¶ 22. Plaintiff cites the Notice of Deficiency issued to George and subsequently upheld by defendant in court as a specific example of the alleged conspiracy in action. *Id.* ¶¶ 11–12.

Plaintiff's allegations are insufficient to avoid dismissal. To sustain his RICO claim, plaintiff must allege at a minimum that defendant has engaged in a "pattern of racketeering activity or collection of unlawful debt." *See* 18. U.S.C. § 1962. But the amended complaint largely alleges conduct that on its face appears entirely lawful; the fact that government officials have been investigating tax deficiencies and that judges on the Tax Court have ruled in the government's favor on deficiency issues

---

**2.** Any argument that defendant should have dismissed the petition simply because George filed a motion for dismissal fails. Plaintiff has cited no support for such a proposition. And even if defendant's denial of George's motion "was in error, was done maliciously, or was in excess of his authority," defendant would not be subject to suit for damages. *See Stump,* 435 U.S. at 356–57, 98 S.Ct. 1099.

**3.** Plaintiff's claim under the Constitution appears to fail on the basis of immunity alone because that claim seems to concern the alleged actions by defendant in adjudicating George's petition. To the extent that plaintiff is asserting a constitutional claim based on any non-judicial acts alleged in the amended complaint, that claim fails because the Court is unable to discern from the amended complaint or from plaintiff's brief how such conduct provides plaintiff with a viable basis for relief under the Constitution.

does not give rise to any inference of impropriety much less evidence a conspiracy involving a pattern of racketeering activity. Although plaintiff asserts that he is "credibly informed" that defendant is part of a conspiracy with a nefarious purpose, First Am. Compl. ¶ 17, plaintiff identifies neither the source of his information nor the basis for his belief that the information is credible.

■ Ultimately, there is nothing in plaintiff's amended complaint—other than plaintiff's bald assertion—that ties defendant's action in the *George* case to the existence of some alleged conspiracy involving a variety of government officials and judges. The Court will not allow plaintiff to proceed with a RICO claim against a federal judge without something more than conclusory allegations of participation in, or conspiracy with respect to, actionable racketeering activity.[4]

### ORDER

For the foregoing reasons, it is hereby ORDERED that the Motion of Defendant to Dismiss Action is GRANTED. This action is DISMISSED in its entirety.

### *ORDER*

Upon consideration of Defendant's Motion for Consolidation, and the entire record, it is hereby ORDERED that, in light of the Court's dismissal of this action in a separate Memorandum Opinion and Order issued on this date, the motion to consolidate is DENIED AS MOOT.

---

4. On March 10, 2003, plaintiff filed a motion for leave to amend his complaint again to allege "specific dates or known time frames with respect to the overt acts in furtherance of the actions of the enterprise." *See* Mot. Leave Am. Compl. at 1. The motion to amend is denied as futile, however, because it fails to remedy the defect identified by the Court— that the "overt acts" plaintiff identifies have not been plausibly and specifically alleged to be related to some illicit conspiracy in which defendant is involved.